This bill hath been discharged by Stuart in the deliveries of salt and tar proven in the cause. The question is, as these deliveries were not endorsed, nor the bond taken up, whether they are to be considered as a good payment as to Black, the assignee. As to which the Court is of opinion that this bill is a bill belonging to Blanchard Co., though made payable to Blanchard only. It is expressed to be for a debt due to the company, and is given to a partner as one of the company. Blanchard is only in the nature of a trustee for the whole company; his act is binding upon the whole company. The company after this transaction could not support a suit upon the open account against Stuart. Then the payment having been made to a clerk of Blanchard, it is a payment to Blanchard; and a payment of a partnership debt to him, being one of the partners, binds the whole partnership; and Black, the assignee, is one of them; wherefore the payment is a good one as to Black, the present plaintiff. Secondly, supposing this not to have been a partnership bond, but to belong to Blanchard only, having been made payable to him only; yet the circumstances of this case render it probable that the assignment was not made till after the payments, probably not till some time about the beginning of 1794; and then this bill was assigned a year and six months after it was payable. If a paper be assigned at the time it is payable or before, and no payments endorsed, the assignee will hold discharged of all payments that may have been made previous to the assignment; but if that be made after the day of payment, then the jury are at liberty to take into consideration any circumstances from whence they may reasonably presume the assignee knew of the payments. The presumption is strengthened in proportion as the time of the assignment is at a greater or shorter distance from the time of payment, and in the same proportion these collateral circumstances will have the greater or less weight. In the present instance a great length of time has intervened, and therefore a slight circumstance will do to raise a presumption of notice of these payments in the assignee. After such a length of time, why did not (275) Black make some inquiry of Mr. Stuart respecting this bill, before he took the assignment? Had such inquiry been made, he would not have taken the assignment at all. The length of time was enough to put him upon inquiry, yet he made none. Add to this that from his situation and connections with Blanchard it may be presumed he might have known something of the transactions, had he taken proper pains. *Page 215 
If the jury believe he might have had knowledge of the payments by inquiry, then they should find for the defendant; otherwise, for the plaintiff. They found for the defendant. Cases cited, 3 D. and E., 81; H. Bl., 89.
Cited: Reddick v. Jones, 28 N.C. 109; Toms v. Jones, 127 N.C. 466.